By the Court.

In this case, the defendant and appellant moves for leave to introduce some written evidence, which was not laid before the Court below and makes no part of the record sent up to this Court : and the question being one of general practice, the decision of which will rule in all other similar cases, the Court adjourned the trial of the cause on the merits, to examine this question at leisure.
It is true, as was alleged by. the counsel for file appellant, that in the Spanish Courts of appeal new evidence, discovered since the judgment below, might be admitted; and had this Court' *506 ^)een organised on the same principles, or had the jurisdiction of it been left undescribéd, we' might, perhaps we ought, to admit the evidence* now offered by the appellant. But the jurisdic. tion of this Court, and the manner of exercising it, are defined by law. The Legislature of the State has determined the mode in whiph causes shall be sent from the Inferior Courts to this. In the 10th section of the first judiciary act it is provided that the appeal be heard on the pleadings and documents transmitted from the Inferior Court. The 11th provides that the facts to be laid before this Court shall be established either in a special verdict or in a statement made by the parties or the judge. ;
Evide n c e, therefore, coming up in any other manner is not admissible.
/The hardship which may result to the parties from being deprived of the benefit of such evidence, is not greater than that which they may suffer in the Inferior Court, when, after the expiration of the seven days within which a new trial can be asked, evidence happens to be discovered which it is no longer in their power to avail themselves of. These are inconveniencies, no doubt; but they are a consequence of the necessity of avoiding a much greater evil, the endless duration of suits.
The motion is overruled.